NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
SEAN D. PETERSON (Cal. Bar No. 274063)
Assistant United States Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6930
     Facsimile: (951) 276-6202
     E-mail:    sean.peterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 18-00100-JGB |
| Plaintiff, | PLAINTIFF'S RESPONSE TO PRESENTENCE REPORT AND SENTENCING POSITION FOR DEFENDANT APOLONIO GAMEZ |
| v. | |
| APOLONIO GAMEZ, | Hearing Date: January 28, 2019 |
| Defendant. | Hearing Time: 2:00 p.m. Location:    Courtroom of the Hon. Jesus G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sean D. Peterson, hereby files its response to presentence report ("PSR") and sentencing position for defendant APOLONIO GAMEZ.

This response and sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 7, 2019                Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/
SEAN D. PETERSON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant APOLONIO GAMEZ ("defendant") pleaded guilty to sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) (counts one and four), and attempted sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) (count five).  The United States Probation Office ("USPO") has issued a Presentence Report ("PSR") calculating defendant's total offense level at 15, and his Guidelines sentencing range at 18-24 months' imprisonment.  Plaintiff respectfully disagrees with the calculation by the USPO, inasmuch as it recommends a four level increase in offense level for a non-grouping multicount adjustment under U.S.S.G. § 3D1.4, rather than a three level adjustment under the same provision, and asks that the Court calculate defendant's total offense level at 14, placing defendant in a Guidelines sentencing range of 15-21 months imprisonment, to honor the parties' agreement.  Nonetheless, because of the egregiousness of defendant's conduct, which involved three different victims, plaintiff recommends that the Court impose a significantly above-Guidelines sentence of 87 months' imprisonment, followed by twenty years of supervised release, a mandatory special assessment of $300, and an additional special assessment of $15,000 pursuant to 18 U.S.C. § 3014.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

   **A.   THE CHARGES AND THE GUILTY PLEAS**

On April 4, 2018, the United States filed an indictment against defendant charging him with six counts: sexual abuse by placing in fear, in violation of 18 U.S.C. § 2242(1) (count three), sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) (counts one and four), and attempted sexual abuse of a ward in violation of 18 U.S.C.

§ 2243(b) (count five), and indecent exposure, in violation of 18 U.S.C. §§ 7(3), 13(a) (Assimilating Cal. Penal Code § 314). (CR 22.) The charges related to conduct on four separate days, involving three separate victims. (Id.) On October 29, 2018, pursuant to a plea agreement, defendant pleaded guilty to three of the six counts: sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) (counts one and four), and attempted sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) (count five). (CR 52, 55.)

**B.    AGREED UPON FACTS**

During the change of plea hearing, and in the factual basis of the plea agreement, defendant admitted the following:

At all times relevant to this case, including the period of September 2016 through July 2017, defendant was a correctional officer with the Federal Bureau of Prisons. He worked at FCC Victorville, in Victorville, California.

In or about September or October 2016, at FCC Victorville, defendant knowingly engaged in a sexual act, namely, contact between the mouth and the penis, with a female inmate ("Victim Number One"), who at that time was in official detention and under the custodial, supervisory, and disciplinary authority of defendant, in that defendant was a correctional officer and he served as Victim Number One's supervisor. Just before the sexual act occurred, Victim Number One had been working alone inside a freezer unit in the Food Service Warehouse. Defendant approached Victim Number One, told her to "come over here," and guided her between pallets further inside the freezer. Defendant then opened the zipper of his BOP uniform pants and exposed his penis, as Victim Number One watched him. Defendant then engaged in the aforementioned sexual act with Victim Number One.

    Approximately one week later, also in or about September or October 2016, at FCC Victorville, defendant knowingly engaged in a sexual act, namely, contact between the vulva and the penis, with Victim Number One, who at that time was in official detention and under the custodial, supervisory, and disciplinary authority of defendant, in that defendant was a correctional officer and he served as Victim Number One's supervisor.  Prior to engaging in this sexual act with Victim Number One, defendant instructed another female inmate ("Inmate A") to bring Victim Number One in a vehicle to an isolated outside warehouse ("outside warehouse") located some distance from the Food Service Warehouse, where both Inmate A and Victim Number One had been assigned to work.  Inmate A drove Victim Number One to the outside warehouse in a vehicle, as directed by defendant.  Victim Number One then entered the outside warehouse and engaged in the aforementioned sexual act with defendant.  After engaging in the sexual act, defendant left the outside warehouse alone, and Victim Number One was picked up by Inmate A.

    On or about May 4, 2017, at FCC Victorville, defendant knowingly engaged in a sexual act, namely, contact between the mouth and the penis, with a female inmate ("Victim Number Two"), who at that time was in official detention and under the custodial, supervisory, and disciplinary authority of defendant, in that defendant was a correctional officer and he served as Victim Number Two's supervisor.  Prior to this sexual act, defendant confronted Victim Number Two, who was alone at the time, in the storage area of the Food Service Warehouse while she was in the process of stealing food.  Defendant told Victim Number Two that the food she was stealing was not hers and that she would be sent to the "hole" (a reference to a Special

3

Housing Unit), which would have required transfer to another correctional facility. Defendant told Victim Number Two that he liked her, and wanted to see her body. Defendant proceeded to touch Victim Witness Number Two's bare left breast with his bare hand and sucked on the nipple of her breast. Defendant grabbed the elastic band of Victim Number Two's pants and said let me see how you have it. Defendant then unzipped his BOP uniform pants, pulled out his penis, and told Victim Number Two, put it in your mouth. Defendant then engaged in the aforementioned sexual act with Victim Number Two. After engaging in the sexual act with Victim Number Two, defendant left her alone in the storage area of the Food Warehouse without saying anything more to her.

In or about June or July 2017, at FCC Victorville, defendant exposed his penis to a female inmate ("Victim Number Three"), and knowingly attempted to engage in a sexual act, namely, contact between the mouth and the penis, with Victim Number Three, who at that time was in official detention and under the custodial, supervisory, and disciplinary authority of defendant GAMEZ, in that defendant GAMEZ was a correctional officer and served as Victim Number Three's supervisor. Before attempting to engage in this sexual act with Victim Number Three, defendant drove in a vehicle alone with Victim Number Three from the Food Service Warehouse to an outside warehouse. Defendant entered the warehouse with Victim Number Three. As Victim Number Three began to collect supplies from the warehouse, and while she had her back towards defendant, defendant unzipped his BOP uniform pants and pulled out his penis. Victim Number Three then turned to defendant and saw him looking at

her expectantly.  Victim Number Three then said, what the fuck are you doing, and stormed out of the warehouse.

**III. SENTENCING GUIDELINES CALCULATION**

The United States Probation Office ("USPO") determined that defendant has a total offense level of 15, determined by a base offense level of fourteen, pursuant to U.S.S.G. § 2A3.3, plus 4 levels for being convicted of, or in the case of the "pseudo count" admitting to, four separate non-groupable offenses, pursuant to U.S.S.G. § 3D1.4 and § 1B1.2(c), and minus three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  (PSR ¶¶ 37-73.)

Plaintiff asks that the Court find that defendant's total offense level is 14, not 15, based on a base offense level of fourteen, pursuant to U.S.S.G. § 2A3.3, plus 3 levels for being convicted of three separate non-groupable offenses, pursuant to U.S.S.G. § 3D1.4, and minus three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  Plaintiff asks that the Court not impose an additional one level increase in offense level for a pseudo count pursuant to U.S.S.G. § 1B1.2(c).  The factual basis in the plea agreement (and at the change of plea hearing) included information regarding a fourth sexual abuse of a ward offense, in violation of 18 U.S.C. § 2243(b).  However, the combined offense level calculation contained in the plea agreement for non-grouping counts only contained a three level increase in offense level (consistent with three counts of conviction for non-grouping offenses of equal seriousness or 1-4 levels less seriousness than the count with the highest offense level), not a four level increase in offense level.  Accordingly, plaintiff asks this Court to

5

honor the parties' agreement regarding the combined offense level computation in the plea agreement, which would result in a total offense level of 14.

The USPO also determined that defendant has zero criminal history points, which places him in Criminal History Category I. (PSR ¶¶ 75-80.)  Based on a total offense level of 15 and placement in Criminal History Category I, the USPO's advisory guidelines range is 18-24 months' imprisonment.  (PSR ¶ 130.)  The USPO recommended an above-Guidelines sentence of 60-months' imprisonment.  (PO Letter at 1.)

Plaintiff asks this Court, consistent with the plea agreement, to apply a total offense level of 14, which combined with placement in Criminal History Category I, places defendant in an advisory guidelines range of 15-21 months' imprisonment.  Nonetheless, based on the facts and circumstances of this case, plaintiff recommends the imposition of a sentence of 87 months' imprisonment, a higher above-Guidelines sentence than that recommended by the Probation Officer.

**IV.   ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS**

A sentence of 87 months' imprisonment is reasonable in light of the factors listed under 18 U.S.C. § 3553(a).  Such a sentence would reflect the nature and circumstances of the offense and the history and characteristics of defendant.

Defendant sexually abused two separate victims, one of them twice, and he attempted to sexually abuse a third victim.  His conduct was deliberate, and it spanned a period from September or October, 2016, through June or July, 2017.

During this period, defendant was a correctional officer at the Federal Correctional Complex in Victorville, California.  He was

entrusted with the supervision of inmates.  He was assigned to the food services unit, as were all of his victims, who were female inmates assigned to the food services warehouse.  Defendant was in a position of authority over his victims, and he abused that authority for his sexual gratification.

Not only is defendant a repeat offender, but victim statements show that defendant followed a *modus operandi* as he preyed on his victims.  He isolated all three victims.  He either found them when they were alone (and without any intention of meeting him for a romantic rendezvous) or he had them moved to an isolated location, where he then approached them without any additional witnesses present.  In his first encounter with all three victims, he, unsolicited, pulled out his penis and directed the victims to orally copulate him.  There was little conversation before the sexual act he requested, and little, if any, afterwards.  While no victim alleged that he used brute force to make her engage in the sexual acts, he nonetheless capitalized on the power disparity between himself, a correctional officer in a position of authority, and his victims, inmates bound to follow the instructions of correctional officers, who were alone, isolated, at the time that he approached them.  These were one sided encounters; defendant designed these encounters so that he would not be rebuffed by his victims.

His sexual abuse of "Victim Number Two" is particularly egregious.  With her, he did not rely only on isolation and the general disparity in power between himself and his victims.  He caught her in the act of stealing food, and he threatened her with being sent to the "hole," meaning transfer to a different institution, if she did not orally copulate him.  He also forcibly

7

grabbed her left breast and sucked on it, and he grabbed the elastic band of her pants before he unzipped his own pants and told Victim Number Two to put his penis in her mouth.  Victim Number Two said that at the time of her encounter with defendant she was scared and paralyzed with fear.  She felt like she had no option but to comply with his demand.  She says that since this incident she has felt like a piece of property rather than a human being, she wants to stay in her room and sleep, she often has nightmares where she relives the incident, and when she is around others, she feels jumpy.  She feels like she has been permanently psychologically scarred.  She has struggled with depression and anxiety.  She has participated in talk-therapy, and has been taking medication.

In addition to pressuring his victims to have sex with him, defendant co-opted at least one other inmate to assist him in his sexual abuse by having that inmate drive Victim Number One to an isolated warehouse, where defendant subsequently sexually abused Victim Number One.  This is an additional way in which defendant took advantage of his position to ensure his sexual gratification.

Weighing against the gravity of defendant's offenses here, are his prior service record as a member of the United States Navy, his lack of any criminal history points, and his acceptance of responsibility.

Nonetheless, these are serious offenses, which require serious punishment.  The punishment should also serve to deter defendant, and others in positions like defendant held, from engaging in similar conduct in the future.  Thus, the recommended sentence would serve to promote respect for the criminal laws and would serve to protect the public from future crimes by this defendant.  In addition to justly

reflecting the seriousness of defendant's crime, an 87-month prison sentence would also justly account for defendant's history and characteristics, as explained above. Such a sentence would be "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553.

## V. THE RECOMMENDED SENTENCE IS AN UPWARD VARIANCE FROM DEFENDANT'S SENTENCING GUIDELINES RANGE

A "variance" occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the statutory factors in 18 U.S.C. § 3553(a). See United States v. Autery, 555 F.3d 864, 872 n. 7 (9th Cir.2009) (quoting United States v. Smith, 474 F.3d 888, 896 n. 3 (6th Cir.2007) (Gibbons, J., concurring)).

Sexual abuse of a ward criminalizes any form of purposeful sexual conduct, including conduct that is consensual in a meaningful way. Defendant's conduct at issue with these three victims was not close to meaningfully consensual, and his conduct involving Victim Number Two, which can alternatively be viewed as a threatening and corrupt (in terms of dereliction of duty), was particularly reprehensible. Because defendant's conduct went so far beyond that which is necessary to violate the statute, this Court should vary significantly upward in the sentence of imprisonment that it imposes.

## VI. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court impose a sentence of 87 months' imprisonment, followed by a 20-year period of supervised release, a mandatory special assessment of $300, and an additional special assessment of $15,000 pursuant to 18 U.S.C. § 3014.