1  JOSEPH T. MCNALLY
   Acting United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   ABIGAIL W. EVANS (Cal. Bar No. 249629)
4  Assistant United States Attorney
   Riverside Branch Office
5       3403 Tenth Street, Suite 200
        Riverside, CA 92501
6       Telephone: (951) 276-6086
        Facsimile: (951) 276-6202
7       E-mail:    abigail.w.evans@usdoj.gov

8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,          ED CR No. 18-00100-JGB

13          Plaintiff,                GOVERNMENT'S OPPOSITION TO
                                      DEFENDANT'S MOTION TO MODIFY
14             v.                     CONDITIONS OF SUPERVISED RELEASE

15 APOLONIO GAMEZ,

16          Defendant.

17

18      Plaintiff United States of America, by and through its counsel

19 of record, the United States Attorney for the Central District of

20 California and Assistant United States Attorney Abigail W. Evans,

21 hereby files its opposition to defendant Apolonio Gamez's Motion to

22 Modify Conditions of Supervised Release, filed on January 30, 2025

23 ("Motion," Dkt. 89). [1]

24      On October 29, 2018, defendant pled guilty to three counts of

25 sexually abusing and attempting to sexually abuse inmates at the

26 Victorville FCI camp, in violation of 18 U.S.C. §2243(b), on multiple

27 _____

28      [1] "Dkt." refers to the Clerk's Record in this case and is
   followed by a docket entry number.

1    occasions.   (Dkt. 55; PSR, Dkt. 57 ¶¶ 1-4, 18-24.)   Defendant faced a

2    statutory maximum term of imprisonment of 15 years, and a maximum

3    lifetime and minimum five-year term of supervised release.   (PSR,

4    Dkt. 57 ¶¶ 129, 133.)   The applicable Sentencing Guidelines provided

5    an 18-24 month term of imprisonment and a mandatory term of

6    supervised release of 5 years to life.   (Id., ¶¶ 130, 135.)   On

7    January 28, 2019, this Court sentenced defendant to 24 months in

8    prison followed by a 7-year term of supervised release.   (Dkt. 61,

9    62.)

10        Defendant began his term of supervised release on June 25, 2020.

11   On May 23, 2024, defendant was arrested for violating the conditions

12   of his supervised release by travelling outside the district without

13   the permission of the United States Probation Office, and failing to

14   register as a sex offender.   (Dkt. 76.)   on July 8, 2024, this Court

15   sentenced him to time served (approximately 6 weeks in custody)

16   followed by 48 months of supervised release under the same terms and

17   conditions originally imposed.   (Dkt. 84, 85.)

18        However, this was not defendant's only violation of the terms of

19   his supervised release, with respect to travel and his status as a

20   registered sex offender.   Defendant's supervising United States

21   Probation Officer has informed the government that in December 2023,

22   defendant travelled to Mexico without requesting permission from his

23   probation officer.   In so doing, defendant violated not only his

24   terms of federal supervision, but also International Meghan's Law, 34

25   U.S.C. § 21504, as he is a registered sex offender who did not

26   contact the proper authorities in Mexico regarding his travel as

27

28

1  required by that law.[2]  The United States Probation Office opposes

2  defendant's motion.  (Evans Declaration ¶ 3.)

3      Indeed, defendant appears not to understand the gravity of his

4  criminal conduct, and the need for the general public (both here and

5  abroad) to be protected from him.  Instead, he minimizes his heinous

6  criminal acts as a "lapse in judgment, exacerbated by the intense

7  physical, mental and emotional strain seen by thousands of Federal

8  Bureau of Prisons correctional officers" rather than the repeated,

9  violent, self-serving breach of trust that it truly was.  (Motion at

10  The vast majority of the "thousands of Federal Bureau of Prisons

11  correctional officers" do not rape the inmates in their charge.

12  Defendant did.  His apparent ability to rationalize his

13  unconscionable predation is more than disturbing.

14      Nothing about the history and characteristics of this defendant

15  justify rewarding him with additional freedoms.  He committed his

16  offense while serving as a Correctional Officer in the Federal Bureau

17  of Prisons, placed in a position of control over female inmates.  He

18  repeatedly abused his position of power to violate at least two known

19  victims on several occasions, and attempted to violate at least one

20  additional victim.

21

22      [2] 18 U.S.C. § 21504 provides:

23      (a) IN GENERAL.-The United States Marshals Service's National
    Sex Offender Targeting Center may – (1) transmit notification of
    international travel of a sex offender to the destination country of

24  the sex offender, including to the visa-issuing agent or agents in
    the United States of the country; (2) share information relating to

25  traveling sex offenders with other Federal, State, local, and foreign
    agencies and entities, as appropriate; (3) receive incoming

26  notifications concerning individuals seeking to enter the United
    States who have committed offenses of a sexual nature and shall share

27  the information received immediately with the Department of Homeland
    Security; and (4) perform such other functions at the Attorney

28  General or the Director of the United States Marshals Service may
    direct.

1    Finally, this Court considered the nature of defendant's

2  offenses of conviction and the implications for the safety of the

3  community, as well as his history and characteristics, when it

4  imposed his existing travel restrictions.  Defendant could have been

5  so restricted for a lifetime period of supervised release, based on

6  the extraordinary danger to the community posed by sex offenders.

7  Instead, he has been given the benefit of a far shorter term.  He

8  provides no explanation as to why the properties in Mexico that he

9  references cannot be managed either by his family members there, or

10  by someone else.  He acknowledges that he must submit a travel plan

11  to his probation officer for any request to travel to Mexico.  Yet he

12  is attempting to customize the procedure by which he seeks approval,

13  apparently finding it inconvenient to petition the Court

14  "approximately quarterly."  (Motion at 2.)

15    For all of the reasons stated above, the government opposes any

16  modification of defendant's travel restrictions, and urges the Court

17  to deny the Motion.

18   Dated: February 25, 2025          Respectfully submitted,

19                                     JOSEPH T. MCNALLY
                                       Acting United States Attorney
20
                                       LINDSEY GREER DOTSON
21                                     Assistant United States Attorney
                                       Chief, Criminal Division
22

23    _____*/s/ Abigail W. Evans*_____
                                       ABIGAIL W. EVANS
24                                     Assistant United States Attorneys

25                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
26

27

28

4

1          **DECLARATION OF ABIGAIL W. EVANS**

2      I, Abigail W. Evans, declare as follows:

3      1.    I am an Assistant United States Attorney ("AUSA") in the

4  United States Attorney's Office for the Central District of

5  California.  I make this declaration in support of the government's

6  opposition to defendant's Motion to Modify Conditions of Supervised

7  Release ("Motion," Dkt. 89).

8      2.    On February 24, 2025, Senior United States Probation

9  Officer Justin Wallach responded to my email inquiry regarding

10 defendant's record of compliance while on supervised release, and the

11 United States Probation Office's position with respect to the Motion.

12     3.    In his email response, Officer Wallach stated,

13 "[T]he probation office is opposed to this request, as Mr. Gamez has

14 previously violated his conditions of supervised release pertaining

15 to travel in December 2023 to the interior of Mexico without

16 permission or request.  He was additionally in violation of

17 International Megan's Law when this travel occurred, seeing as he is

18 a registered sex offender and did not contact the proper authorities

19 in Mexico."

20     I declare under penalty of perjury that the foregoing is true

21 and correct to the best of my knowledge and belief and that this

22 declaration is executed at Riverside, California, on February 25,

23 2025.

24

25 Dated: February 25, 2025

26                              ABIGAIL W. EVANS
                               Assistant United States Attorney
27

28

5