UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCR 18-100 JGB-1** | Date | May 23, 2025 |
| Title | *United States of America v. Apolonio Gamez* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Government: | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order DENYING Defendant's Motion to Modify Conditions of Supervised Release (Dkt. No. 89) (IN CHAMBERS)

Before the Court is a motion to modify conditions of supervised release filed by Defendant Apolonio Gamez, proceeding pro se. ("Motion," Dkt. No. 89.) The Court finds this matter appropriate for resolution without a hearing. See L.R. 7-15; Fed. R. Crim P. 32.1(c)(2)(b) (providing that a hearing is not required with regard to a request for modification of terms of supervised release where "the relief sought is favorable to the person and does not extend the term of probation or of supervised release"). After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion.

### I. BACKGROUND

On January 30, 2025, Defendant filed the Motion. (Motion.) On February 25, 2025, the Government opposed. ("Opp'n," Dkt. No. 91; "Evans Decl.," Dkt. No. 91.)

On October 29, 2018, Defendant pled guilty to three counts of Sexual Abuse of a Ward under 18 U.S.C. § 2243(b) for sexually abusing inmates at FCC Victorville. ("PSR," Dkt. No. 57 ¶¶ 2–4.) The guidelines range provided for a sentence between 18 and 24 months imprisonment and a term of supervised release from five years to life. (Id. ¶¶ 130, 135.) Ultimately, on January 28, 2019, the Court sentenced Defendant to 24 months imprisonment and a seven-year term of supervised release.

After beginning his term of supervised release on June 25, 2020, Defendant was arrested for violating the conditions of his release. The conditions of release required that "[t]he defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer," and that "[w]ithin three (3) days of release from custody, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides." (Dkt. No. 62.) On May 23, 2024, Defendant was arrested for violating the conditions of supervised release by failing to register as a sex offender and traveling outside of the district. (Dkt. No. 76.) Defendant was sentenced to time-served and 48 months of supervised release. (Dkt. No. 84, 85.)

Additionally, the government provided a statement from the Probation Office that Defendant violated his probation in December 2023 by traveling to Mexico without prior approval. (Evans Decl. ¶ 3.)

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(2), the Court has authority to modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release" if the defendant's conduct and the interest of justice warrant termination. 18 U.S.C. § 3583(e); see also United States v. Yepez, 108 F.4th 1093, 1101 (9th Cir. 2024). "[T]he plain language of [§ 3583(e)(2)] indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000). Id. Pursuant to § 3583(e), district courts must consider a subset of the § 3553(a) factors. These factors are:

(1) "[T]he nature and circumstances of the offense and the history and characteristics of the defendant;"
(2) "[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct;"
(3) "[T]he need for the sentence imposed . . . to protect the public from further crimes by the defendant;"
(4) "[T]he need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"
(5) "[T]he kinds of sentence and the sentencing range established for . . . the applicable category of offense;"
(6) "[A]ny pertinent policy statement . . . issued by the Sentencing Commission;"
(7) "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and
(8) "[T]he need to provide restitution to any victims of the offense."

See 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7); Yepez, 108 F.4th at 1102 n.3. These § 3553(a) factors are not exhaustive, a Court can "exercise its discretion to consider additional factors like the intent of the original sentencing

judge." Yepez, 108 F.4th at 1102. While the Court "need not tick off each of the [relevant § 3553(a) factors to show that it has considered them," the Court must provide "an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." United States v. Emmett, 749 F.3d 817, 822 (9th Cir. 2014) (internal citation and quotation marks omitted).

### III.  DISCUSSION

Gamez asks the Court to modify the conditions of his supervised release "to grant permission that would allow Gamez to travel to Mexico . . . approximately quarterly, after submitting a travel plan to his probation officer, and without having to petition the court on each specific plan (aside from his probation officer)." (Motion at 2.) Gamez would like permission to visit his family and maintain several properties in Mexico. (Id.)

The Court denies Gamez's request. Gamez's supervised release is ongoing, so the Court has statutory authority to consider his request. 18 U.S.C. § 3583(e)(2). Within the last year, Gamez was arrested and sentenced for violating the conditions of his supervised release by traveling outside the district and failing to register as a sex offender. (Dkt. No. 76.) Probation additionally informed the Court that Gamez traveled to Mexico without prior authorization and in violation of the laws governing international travel by sex offenders. (Evans Decl. ¶ 3.) 34 U.S.C. § 21503(e)(3); 22 U.S.C. § 212b. In sentencing Gamez, the Court considered the danger to the community he posed, and required he receive permission to leave the District. (Dkt. No. 62.) The registration and notice requirements placed on sex offenders like Gamez serve "to protect the public from further crimes by the defendant." 18 U.S.C. § 3553(a)(2)(C). The proposed modification does not accord with the sentencing factors articulated by statute.

The Court is also bereft of evidence to suggest the burden to stay within the district imposed on Gamez is particularly onerous. It is unclear whether Gamez's family members can maintain the properties for the remaining duration of his term of supervised release, or if Gamez has explored alternatives. Additionally, the Court is unaware of any travel request submitted by Gamez to date. Gamez expects the process to be burdensome, but has yet to pursue it. For now, Gamez can show compliance with his conditions of supervised release and make individualized travel requests. The Court denies his motion for indefinite authorization to travel to Mexico.

### IV.  CONCLUSION

For the reasons above, the Court **DENIES** the Motion. (Dkt. No. 89.)

**IT IS SO ORDERED.**